IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADAM D. RIDENOURE                                                                                   PLAINTIFF

vs.                                            Civil No. 5:09-cv-05181

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Adam Ridenoure ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF. No. 6).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on March 30, 2007. (Tr. 55). Plaintiff alleged he was disabled due to being bipolar and mental problems. (Tr. 133). Plaintiff alleged an onset date of February 28, 2007, which was later amended to September 30, 2007. (Tr. 55,133). Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for this case are referenced by the designation "Tr."

1

applications were denied initially on June 26, 2007, and were denied at the reconsideration level on August 15, 2007. (Tr. 64, 72).

On August 27, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 76). This hearing was held on December 11, 2008 in Fayetteville, Arkansas. (Tr. 8-47). Plaintiff was present and was represented by counsel, Jeff Watson, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id.* On the date of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a GED. (Tr. 13).

On April 14, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 55-63). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 30, 2007, which was the amended alleged onset date. (Tr. 57, Finding 2). The ALJ determined Plaintiff had the severe impairments of schizoaffective bipolar disorder and obsessive compulsive disorder. (Tr. 57, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 58, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 59-62). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 60-62). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of work at all exertion levels. (Tr. 59, Finding 5). The ALJ also determined

Plaintiff's non-exertional limitations limited him to work that involves only non-complex, simple instructions with little judgment. Further, the ALJ found Plaintiff was limited to work that is repetitive and can be learned by rote with few variables; involves only superficial contact incidental to work with the public and co-workers; and supervision is concrete, direct, and specific. (Tr. 59 Finding No. 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 62, Findings 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr.15-25, 27-29). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a warehouse worker. (Tr. 27). The ALJ determined, considering his RFC, that Plaintiff would be able to perform this PRW. (Tr. 62, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through April 14, 2009. (Tr. 63, Finding 7).

On April 16, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On June 18, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On August 26, 2009, Plaintiff filed the present appeal. (ECF. No. 1). The parties consented to the jurisdiction of this Court on September 21, 2009. (ECF. No. 6). Both parties have filed appeal briefs. (ECF. Nos. 9, 10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his evaluation of Plaintiff's subjective complaints, and (C) the ALJ erred in finding Plaintiff could perform his PRW. In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B) the ALJ properly considered Plaintiff's subjective complaints, and (C) the ALJ properly found the Plaintiff could perform his PRW.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed

RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ found Plaintiff retained the RFC to perform the full range of work at all exertion levels.  (Tr. 59, Finding 5).  The ALJ also determined Plaintiff's non-exertional limitations limited him to work that involves only non-complex, simple instructions with little judgment.  Further, the ALJ found Plaintiff was limited to work that is repetitive and can be learned by rote with few variables; involves only superficial contact incidental to work with the public and co-workers; and supervision is concrete, direct, and specific. (Tr. 59 Finding No. 5).

Plaintiff claims substantial evidence does not support the ALJ's RFC determination.  Plaintiff relies on the opinion of treating physician Dr. Ardell Diessner in support of his position that the ALJ erred in his RFC determination. (ECF. No. 9, Pgs. 15, 19-20).  Defendant argues the ALJ considered the opinions of Dr. Diessner, but properly disregarded them for being inconsistent with the evidence in the record.  (ECF. No. 10, Pgs. 9-11).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. §

404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

According to Plaintiff, psychiatrist Dr. Diessner began treating Plaintiff on October 16, 2007. (ECF. No. 9, Pg. 9).  On that date, Plaintiff was diagnosed with schizoaffective bipolar disorder and a GAF score of 25, which is behavior considerably influenced by delusions or hallucinations, serious impairment in communication or judgment, or inability to function in almost all areas.  (Tr. 300).

On November 19, 2008, Dr. Diessner prepared a Medical Source Statement of Ability To Do Work- Related Activities (Mental) on behalf of Plaintiff. (Tr. 208-210).  Dr. Diessner found Plaintiff was moderately limited in his ability to understand and remember short, simple instructions and in his ability to carry out short, simple instructions. (Tr. 208).  Dr. Diessner also determined Plaintiff had marked limitation in his ability to understand and remember detailed instructions; in his ability to carry out detailed instructions; in his ability to make judgments on simple, work-related decisions; in his ability to interact appropriately with the general public, supervisors and co-workers; in his ability to respond appropriately to work pressures in a usual work setting; and in his ability to respond appropriately to changes in a routine work setting.  (Tr. 208-209).  Dr. Diessner based his assessment on repeated clinical evaluations and the required extraordinarily high doses of medications and medication adjustments.  (Tr. 208-209).

7

The findings of Dr. Diessner do not support the RFC finding of the ALJ. The ALJ, in his decision, did not accept Dr. Diessner's finding's and found his opinions were "inconsistent with the medical records that show the claimant is better with medication yet is noncompliant with his medications." (Tr. 62). This was the only reason given by the ALJ for discrediting Dr. Diessner's opinions and standing alone is not a "good reason" for discrediting the opinions of Dr. Diessner's opinions. The ALJ did not point to any other medical evidence that is either better or more thorough as required by 20 C.F.R. § 404.1527(d)(2).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, Dr. Diessner, this case should be reversed and remanded for proper review and analysis of Dr. Diessner's opinions. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **31st day of August, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8